DECISION OF DISMISSAL
This matter is before the court on Defendant's verbal motion to dismiss made at the case management conference held August 13, 2009. John Maurer (Plaintiff) appeared on behalf of Plaintiffs. Tony Hunter, Senior Appraiser, appeared on behalf of Defendant. Plaintiffs' response to Defendant's motion to dismiss was filed on November 2, 2009. Defendant filed a reply to Plaintiffs' response on December 3, 2009. Defendant's reply only responded to Plaintiffs' allegation that their property qualified for forestland special assessment.
 I. STATEMENT OF FACTS
The parties agree that on January 25, 2008, Defendant wrote to Plaintiffs, advising Plaintiffs that 1.50 acres of a parcel identified as Account 00641693 was disqualified from forestland special assessment. Plaintiffs stated in their Complaint that they "never received the January 25, 2008 letter from Clackamas county." (Ptfs' Compl at 2.) After receiving their property tax statement for tax year 2008-09, Plaintiff (John Maurer) "visited the old Assessor's office on Warner-Milne Road in the Fall of 2008." (Ptfs' Ltr at 1, Oct 30, 2009.) In that letter, Plaintiff alleges that he "satisfied the one year time limit" to file an appeal of the disqualification *Page 2 
because Plaintiffs' Complaint was filed March 24, 2009. Defendant alleges that Plaintiffs' Complaint was not timely filed within the statutory time period.
 II. ANALYSIS
Taxpayers who challenge an act or determination of the county assessor must file an appeal within the statutory time period specified in ORS305.280(1), [1] which states in pertinent part that:
 "Except as otherwise provided in this section, an appeal under ORS 305.275(1) or (2) shall be filed within 90 days after the act, omission, order or determination becomes actually known to the person, but in no event later than one year after the act or omission has occurred, or the order or determination has been made."
Defendant's determination, which was to disqualify Plaintiffs' property from forestland special assessment, was "actually known" to Plaintiffs when they received their 2008-09 real property tax statement in late October 2008. (Id.) Plaintiff stated that, upon receipt of the 2008-09 property tax statement, he visited the county's office of assessment and taxation to discuss "the issue" of disqualification. (Ptfs' Ltr at 1, Oct 30, 2009.) Plaintiff was advised to file an appeal with the court. (Id.) Plaintiffs' Complaint was filed March 24, 2009, more than 90 days after the determination was "actually known" to Plaintiffs. ORS 305.280(1).
Defendant's determination to disqualify Plaintiffs' property from forestland special assessment occurred on January 25, 2008, the date of Defendant's disqualification letter to Plaintiffs. Plaintiffs' Complaint was filed more than "one year after the * * * determination" was made. (Id.)
Plaintiffs' Complaint was not timely filed because they failed to meet the statutory requirements of ORS 305.280(1). *Page 3 
 III. CONCLUSION
Because Plaintiffs' Complaint was not "filed within 90 days after the * * * determination" was actually known to them, or within "one year after the act" occurred or the "determination" was made, Defendant's motion to dismiss is granted.[2] Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss is granted.
Dated this ___ day of December 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner onDecember 18, 2009. The Court filed and entered this document on December18, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.
[2] In its letter dated December 2, 2009, Defendant stated that if Plaintiffs "plant the area" as Plaintiff stated in his letter dated October 30, 2009, the subject property "may qualify" * * * "for special assessment [as forestland]." Plaintiffs can file an application with Defendant after the planting is underway. *Page 1